IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 12-cv-1144-RPM

RAYMOND VEGA, personally and as personal representative of the Estate of Jose Martin Vega,

      Plaintiff,

v.

BLAKE R. DAVIS, and
CERTAIN ADDITIONAL UNKNOWN AGENTS OF THE UNITED STATES BUREAU OF PRISONS,

      Defendants.
_____

ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT AND LEAVE TO
AMEND COMPLAINT
_____

      This civil action was dismissed by a Final Judgment entered on November 13, 2014, pursuant to a mandate from the Tenth Circuit Court of Appeals to comply with an Order and Judgment entered on July 22, 2014, reversing this Court's denial of the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  The appellate court ruled that the amended complaint failed to contain sufficient factual allegations to make a plausible claim that Blake Davis, Warden of USP-ADX when inmate Jose Martin Vega killed himself, was aware that he was a suicide risk.

      On December 11, 2014, the plaintiff filed a motion for relief from judgment and leave to file an amended complaint pursuant to Fed.R.Civ.P. 59(e) and 60(b)(2), [Doc. 47], alleging that newly discovered evidence supports a fair inference that the defendant had such information about Vega's suicide risk from records that he was required to review.  The new evidence was obtained during discovery in a related case, Civil Action

No. 12-cv-01570-RPM-MEH, *Cunningham, et al., v. Federal Bureau of Prisons,* in which inmate John Powers is one of the plaintiffs.  Exhibit B to the motion is a Control Unit Executive Panel Review of Powers, which gives detailed reasons for placing him in the Control Unit and Exhibit C is a Central Unit Review, dated April 28, 2010, which identifies Release Readiness Factors and rates Powers for quarters sanitation, personal grooming and cleanliness, and personal relationship with other inmates and staff among others.

The plaintiff also attached a Program Statement on the subject of Use of Force and Application of Restraints.  Exhibit D.  The plaintiff has alleged that restraints were applied to inmate Vega and under the program the warden determines when four-point restraints are required.  It may be presumed that Blake Davis authorized their application to the decedent.

Additionally, in his deposition, Powers testified that although he had no specific memory of it, he was pretty sure he had written to Warden Davis expressing alarm at the condition of inmate Vega.  Powers also testified that Vega's name was displayed on a bulletin board in the cell block indicating a need for special attention to him.

This information is sufficient to support a plausible claim that the defendant knew that inmate Vega was a high risk of suicide requiring protective measures that would have kept him alive and that the warden had a duty to direct such actions.  Accordingly, a new amended complaint containing these additional factual allegations would satisfy the pleading requirements for *Bivens* liability.  Discovery will then be warranted to obtain information from the Bureau of Prisons leading to a determination of facts that may support a trial.

The defendant has objected to this motion, arguing that these matters are not newly discovered evidence, noting that Powers testified in 2013 and that the policy on restraints was produced in *Cunningham* case discovery.  Those arguments are rejected. Counsel for plaintiffs should not be expected to anticipate that the Court of Appeals would enter its Order and Judgment on July 22, 2014.

The plaintiff has shown that an amended complaint including this new evidence would satisfy the pleading requirements for a *Bivens* action against Blake R. Davis and, perhaps, additional defendants.  Therefore, under Fed.R.Civ.P. 59(e) and 60(b)(2) it is

ORDERED that the Final Judgment entered on November 13, 2014, is vacated and the plaintiff has to and including June 15, 2015, within which to file a new amended complaint.

DATED:   April 23rd, 2015

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge