IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 12-cv-1144-RPM

RAYMOND VEGA, personally and as personal representative of the Estate of Jose Martin Vega,

      Plaintiff,

v.

BLAKE R. DAVIS, and
CERTAIN ADDITIONAL UNKNOWN AGENTS OF THE UNITED STATES BUREAU OF PRISONS,

      Defendants.

_____

ORDER FOR DISMISSAL
_____

      In an Order and Judgment entered on July 22, 2014, a panel of judges of the Tenth Circuit Court of Appeals determined that the plaintiff's amended complaint failed to allege facts sufficient to support a plausible inference that the only named defendant, Blake R. Davis, was aware that Jose Martin Vega had untreated mental health problems that caused him to hang himself in his cell.  Accordingly, this court was ordered to grant Davis qualified immunity and dismiss the 42 U.S.C. § 1983 claim under the Eighth Amendment to the U.S. Constitution against him.  In compliance with the Mandate, this Court entered an Order of Dismissal on November 13, 2014, and a Final Judgment entered on that date dismissing this civil action.

      On December 11, 2014, the plaintiff filed a Motion for Relief From Judgment And Leave To Amend Complaint [Doc. 47], based on newly discovered evidence with a request for time to obtain additional evidence concerning the activities of Davis as

Assistant Warden of ADX.  That motion was opposed but it was granted after a hearing on April 16, 2015.

The Second Amended Complaint was filed on July 15, 2015.  It has 158 paragraphs and multiple BOP records as attachments.  Essentially, the plaintiff has alleged that if Warden Davis had performed his duty and read the attached records concerning inmate Vega, the Warden must have been aware of the risk of suicide and failed to take any preventive action.  Thus he is alleged to have been deliberately indifferent to a serious medical need placing the decedent at a serious risk of suicide.

Davis moved to dismiss the second amended complaint for insufficiency under Fed. R. Civ. P. 12(b)(6).[1]  The motion has been fully briefed.  The motion is granted because the additional allegations do not meet the requirements stated by the appellate court to support a finding that Warden Davis knew that inmate Vega had a mental condition that required treatment to keep him from hanging himself.

Exhibit G to the Second Amended Complaint, is a completed BOP Form, dated April 29, 2010, reporting on a 24-hour restraint review on April 28, 2010, signed by Warden Davis and the staff psychologist who wrote that "The inmate has no current mental health issues."  That staff psychologist drafted a report on April 29, 2010, just days before the suicide, describing an interview with inmate Vega and with the conclusion that the assaultive behavior for which he was placed in restraints "is not accounted for by mental illness."  (See attachment to defendant's motion).

---

[1]The Second Amended Complaint included Claim Two which the plaintiff dismissed on motion [Doc. 67] because this Court's dismissal of that claim in the Amended Complaint was not appealed.

The defendant may reasonably rely on the staff psychologist and approve the continued use of restraints because of assaultive behavior without himself determining that inmate Vega had untreated mental health issues.

The Second Amended Complaint alleges a systemic failure of the BOP to provide mental health treatment to inmates in the Control Unit at ADX.  That is the subject of other litigation against the BOP.  This is a wrongful death case seeking damages from Blake Davis for deliberate indifference to the inmate's mental health needs resulting in death.  He is not accountable for that death under the doctrine of qualified immunity without direct knowledge of that need and personal participation in the failure to take action to prevent the suicide. Accordingly, it is

ORDERED, that the defendant's motion to dismiss is granted and the Clerk shall entered judgment dismissing this civil action with an award of costs.[2]

DATED: December 31st,  2015

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

---

[2]Because there has been adequate time to identify the "Unknown Agents" the civil action is dismissed in its entirety.